UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RENE JUNK, as Parent and Next Best Friend of T.J., a Minor, ) ) ) ) Plaintiff, ) ) vs. ) ) TERMINIX INTERNATIONAL COMPANY ) LIMITED PARTNERSHIP, ) THE DOW CHEMICAL COMPANY, ) DOW AGROSCIENCES LLC, ) HAROLD OBRECHT, an individual, ) JIM BRENEMAN, an individual, and ) SURECO, INC., ) ) Defendants. ) ) | Case No. 4:05-cv-00608 |

**DEFENDANTS THE DOW CHEMICAL COMPANY'S AND DOW AGROSCIENCES LLC'S MOTION IN LIMINE TO PRECLUDE EVIDENCE OR ARGUMENT RELATING TO THE JUNE 2000 MEMORANDUM OF AGREEMENT WITH THE ENVIRONMENTAL PROTECTION AGENCY**

Defendants The Dow Chemical Company and Dow AgroSciences LLC ("Dow AgroSciences"), pursuant to Fed. R. Evid. 104, submit this motion in limine to exclude evidence of and arguments relating to the June 2000 Memorandum of Agreement ("MOA") with the United States Environmental Protection Agency ("EPA"). In support, and together with the accompanying memorandum of law and attached exhibits, Dow AgroSciences states as follows:

1.  Four years after the alleged 1992 exposures in this case, Congress enacted the Food Quality Protection Act of 1996 ("FQPA"), which dramatically changed the manner in which EPA was required to reevaluate for continued federal registration all pesticides sold and used in the United States. EPA's threatened implementation of the FQPA's new regulatory

standards compelled EPA, Dow AgroSciences, and other major United States manufacturers of chlorpyrifos-based products, such as Dow AgroSciences' Dursban[1] L.O., to either negotiate a compromise agreement with respect to those products, or to litigate EPA's threatened regulatory action to the bitter end.  That negotiation resulted in the June 2000 MOA.

2. Now, Plaintiff intends unfairly to use that compromise and settlement against Dow AgroSciences.  That effort, for the reasons that follow, must be rejected.

3. Plaintiff first showed that she[2] would attempt to introduce evidence of the MOA when she pleaded that, 8 years after the alleged exposures in this case, "[t]he United States Government banned the use of Dursban in 2000 for use in homes."  Second Amended Complaint, ¶ 19. [Document 91].  Since then, both of Plaintiff's retained experts have testified that they have based their medical causation opinions, at least in part, on the existence of the MOA.  There are several reasons why this proposed testimony, and all other evidence relating to the MOA should be excluded.

4. First, black-letter Eighth Circuit law, in perfect harmony with a comprehensive and consistent body of nationwide precedent, strictly forbids medical causation expert opinions to rely in any way upon a governmental revocation of prior regulatory approval of a product. *Glastetter v. Novartis Pharms. Corp.*, 252 F.3d 986, 991 (8th Cir. 2001).[3]

---

[1] Dursban is a trademark of Dow AgroSciences LLC.

[2] For convenience, Dow AgroSciences uses the feminine personal pronoun and possessive forms to denote "Rene Junk, as Parent and Next Best Friend of T.J., a Minor," suing in her representative capacity as such, without suggesting that Rene Junk has any personal claim or is a plaintiff in her her personal or individual capacity.

[3] Dow AgroSciences will separately move to exclude the entirety of Plaintiff's experts' proposed testimony pursuant to Fed. R. Evid. 702.  But it is Dow AgroSciences' purpose to collect in a single motion and memorandum all the reasons why evidence relating to the MOA must be excluded, regardless whom Plaintiff might call as its evidentiary sponsor.  Thus, this precise aspect of Plaintiffs' experts' proposed testimony is properly addressed and decided here and now.  On this point, *Glastetter* ends the debate before it begins.

5.      Beyond *Glastetter*, however, and as Dow AgroSciences explains in its accompanying memorandum, there is a rich body of precedent holding that when a pesticide registrant enters into an agreement with EPA to restrict or eliminate the uses of a pesticide, that agreement and the circumstances leading up to it cannot thereafter be used as evidence against the registrant or the users of that pesticide in subsequent civil litigation. *E.g.*, *Villari v. Terminix Int'l, Inc.*, 692 F. Supp. 568, 573-76 (E.D. Pa. 1988); *Rabb v. Orkin Exterminating Co.*, 677 F. Supp. 424, 429 (D.S.C. 1987); *Dine v. Western Exterminating Co.*, 1988 WL 28241, at *2-3 (D.D.C. Mar. 16, 1988).

6.      As these cases and others like them hold, evidence related to the MOA should not be admitted into evidence for several reasons that *Glastetter* did not address. First, under Fed. R. Evid. 408, these matters culminated in a settlement agreement; as such, black-letter law requires exclusion of any evidence or argument relating thereto. Second, the MOA, as Plaintiff would construe it, constitutes a subsequent remedial measure, and therefore must be barred from evidence by the operation of Fed. R. Evid. 407. Third, evidence of the MOA and the events leading up to it fails all three of the tests of Fed. R. Evid. 403: 1) its potential for prejudice far outweighs any probative value that evidence may have, 2) it carries a significant risk of confusion of the jury, and 3) it would require undue expenditures of time at trial.

7.      In further support, Dow AgroSciences attaches hereto as Exhibit 1 the Declaration of Michael C. Shaw, Ph.D., and its attachments; Exhibit 2, the first page and page 7 of the June 12, 2007 Rule 26(a)(2)(B) initial expert report of Plaintiff's retained expert witness, Mohamed B. Abou-Donia, Ph.D.; Exhibit 3, the cover page and page 150 of Dr. Abou-Donia's January 17, 2008 deposition; and Exhibit 4, the cover page and pages 130-31 of the January 23, 2008 deposition of Plaintiff's other retained expert, Dr. Cynthia Bearer.

WHEREFORE, for these reasons, and as developed in detail in the accompanying memorandum of law, Dow AgroSciences requests the Court to grant its motion in limine to exclude references to the MOA and the events to which it relates.  Accordingly, Dow AgroSciences respectfully requests the Court for its Order instructing Plaintiff's counsel, and instructing the parties and their witnesses, to refrain from introducing or attempting to introduce into evidence testimony or documentary evidence of such matters.

Respectfully submitted,

By: /s/ Dean T. Barnhard
Joseph G. Eaton
Dean T. Barnhard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone:  (317) 236-1313
Facsimile:  (317) 231-7323
Email:  joe.eaton@btlaw.com
Email:  dean.barnhard@btlaw.com

Ross W. Johnson
Jacob D. Bylund
FAEGRE & BENSON LLP
801 Grand Ave, Suite 3100
Des Moines, IA 50309-8002
Telephone: (515) 248-9000
Facsimile: (515) 248-9010
E-mail:  RWJohnson@faegre.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document has been served this 24th day of March, 2008, was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to the following counsel of record:

> C. M. Bye, Esquire
> Bye, Goff & Rohde, Ltd.
> 258 Riverside Drive
> River Falls, Wisconsin  54022
>
> Donald G. Beattie, Esquire
> Beattie Law Firm, P.C.
> 4300 Grand Avenue
> Des Moines Iowa  50312
>
> David R. Creagh, Esquire
> Hinshaw & Culbertson LLP
> 222 North LaSalle Street, Suite 300
> Chicago, Illinois  60601-1081
>
> Kent A. Gummert, Esquire
> Frank A. Comito, Esquire
> Gaudineer, Comito & George, L.L.P.
> 3737 Westown Parkway, Suite 2D
> West Des Moines, Iowa  50266

/s/ Dean T. Barnhard

CHDS01 STL 453885/INDS02 DYB 962359v1