**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

| | |
|---|---|
| RENE JUNK, as Parent and Next Best Friend of T.J., a Minor, ) ) ) ) | |
| Plaintiff, ) ) | |
| vs. ) ) | CASE NO.: 4:05-CV-608 |
| TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP; THE DOW CHEMICAL COMPANY; DOW AGROSCIENCES LLC; HAROLD OBRECHT, an individual; AND JIM BRENEMAN, an individual, ) ) ) ) ) ) ) | |
| Defendants. ) | |

**MOTION FOR SUMMARY JUDGMENT**

NOW COMES the defendant, THE TERMINIX INTERNATIONAL COMPANY, LP (hereafter "Terminix"), by and through the undersigned counsel, and pursuant to Rule 56 of the Federal Rules of Civil Procedure, move this Court for entry of a final and appealable order of summary judgment in favor of Terminix and against the plaintiff, RENE JUNK, as Parent and Next Friend of T.J., a Minor. In support of this Motion, Terminix states:

1.  The plaintiff has filed a Second Amended Complaint against Terminix, THE DOW CHEMICAL COMPANY, and DOW AGROSCIENCES, LLC, seeking recovery for personal injuries allegedly sustained by T.J. as a result of exposure to a pesticide named Dursban L.O. 0.5%. The product, which was manufactured by the Dow defendants, was applied at the plaintiff's home in Knoxville, Iowa on four occasions between March 27, 1992 and T.J.'s birth on August 28, 1992, and on several occasions after his birth.

2.    The plaintiff's Second Amended Complaint seeks recovery against Terminix under theories of negligence and strict product liability.[1]

3.    There is no genuine issue as to any material fact and Terminix is entitled to judgment in its favor as a matter of law.  First, the plaintiff has produced no competent evidence establishing that T.J.'s injuries are causally related to exposure to the Dursban pesticide.  The opinions of the plaintiff's two experts, Dr. Mohammed Abou-Donia and Dr. Cynthia Bearer, lack the scientific reliability required under Rule 702 and *Daubert v. Merrill Dow Pharmaceuticals*, and accordingly, both experts' opinions should be stricken.  When the unscientific and unreliable opinions of Drs. Abou-Donia and Bearer are disregarded, plaintiff has no evidence whatsoever establishing causation, thereby entitling Terminix to summary judgment as to all claims.

4.    Even if the plaintiff could somehow establish causation, summary judgment is warranted as to the claims against Terminix because there is no evidence to support the plaintiff's claims of negligence or strict liability against Terminix.

5.    It is undisputed that Terminix did not manufacture or sell the Dursban product and that Terminix properly applied the product at the plaintiff's home in accordance with the EPA-approved label.  Plaintiff has produced no evidence that the product contained a manufacturing or design defect.  Lastly, plaintiff's allegations against Terminix would necessarily result in the imposition of different or additional product labeling requirements and therefore, plaintiff's claims are preempted under the Federal Insecticide, Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. §136, *et seq.*

---

[1] The Second Amended Complaint also named Terminix employee Jim Breneman, but all claims against Mr. Breneman were dismissed on October 3, 2006.  (*See* Court Order filed 11-3-06, Doc. No. 65).  Also, in the same order, the Court dismissed Counts II, III, IV and V of the Second Amended Complaint as to Terminix.  (*Id.*).  Accordingly, the only remaining claims against Terminix are in Count VII, which pleads negligence and strict products liability.

6.     Terminix incorporates by reference its Statement of Material Facts and Memorandum of Law in Support of this Motion for Summary Judgment.  Terminix also incorporates by reference its Motion to Strike the Plaintiff's Experts, which is filed concurrently with this Motion.

WHEREFORE, the defendant, THE TERMINIX INTERNATIONAL COMPANY, LP, requests that this Court enter a final and appealable order of summary judgment in favor of Terminix and against the plaintiff, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for all other just and appropriate relief.

Respectfully submitted,

**GAUDINEER, COMITO & GEORGE, L.L.P.**

/s/ Frank A. Comito
Frank A. Comito  PK 0004004

/s/ Kent A. Gummert
Kent A. Gummert  PK 0013884
3737 Westown Parkway, Ste. 2D
West Des Moines, IA 50266
Telephone:  515/327-1750
Facsimile:  515/327-1250

and

**HINSHAW & CULBERTSON LLP**

/s/ David R. Creagh
David R. Creagh (Admitted *Pro Hac Vice*)
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone:  312/704-3000
Facsimile:  312-704-3001

ATTORNEYS FOR DEFENDANT
THE TERMINIX INTERNATIONAL COMPANY, L.P.

6317244v1 849358

## **CERTIFICATE OF SERVICE**

       I hereby certify that on May 12, 2008, Defendant's Motion for Summary Judgment was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

                                                            /s/ Kent A. Gummert

C.M. Bye
Bye, Goff & Rohde, Ltd.
258 Riverside Drive
River Falls, WI 54022
ATTORNEYS FOR PLAINTIFF

Donald G. Beattie
Ryan T. Beattie
4300 Grand Avenue
Des Moines, IA 50312
ATTORNEYS FOR PLAINTIFF

Ross W. Johnson
Jacob Bylund
Faegre & Benson LLP
801 Grand Ave., Suite 3100
Des Moines, IA 50309-8002
ATTORNEYS FOR THE DOW CHEMICAL COMPANY
AND DOW AGROSCIENCES LLC

Joseph G. Eaton
Dean Barnhard
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
ATTORNEYS FOR THE DOW CHEMICAL COMPANY
AND DOW AGROSCIENCES LLC

6317244v1 849358