**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| RENE JUNK, as Parent and Next Best Friend of T.J., a Minor, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | CASE NO.: 4:05-CV-608 |
| TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP; THE DOW CHEMICAL COMPANY; DOW AGROSCIENCES LLC; HAROLD OBRECHT, an individual; AND JIM BRENEMAN, an individual, | ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT**

NOW COMES the defendant, THE TERMINIX INTERNATIONAL COMPANY, LP (hereafter "Terminix"), by and through the undersigned counsel, and for its Memorandum of Law in Support of its Motion for Summary Judgment, states as follows:

## I.    INTRODUCTION

The plaintiff has filed a Second Amended Complaint against Terminix, THE DOW CHEMICAL COMPANY, and DOW AGROSCIENCES, LLC, seeking recovery for personal injuries allegedly sustained by T.J. as a result of exposure to a pesticide named Dursban L.O. 0.5%. The product, which was manufactured by the Dow defendants, was applied at the plaintiff's home in Knoxville, Iowa on four occasions between March 27, 1992 and T.J.'s birth on August 28, 1992, and on several occasions after his birth.

The plaintiff's Second Amended Complaint seeks recovery against Terminix under theories of negligence and strict product liability.[1]   Terminix is entitled to summary judgment based upon the following grounds: First, the plaintiff has produced no competent evidence establishing that T.J.'s injuries are causally related to exposure to the Dursban pesticide.  Second, it is undisputed that Terminix did not manufacture or sell the Dursban product and plaintiff has presented no expert testimony or other evidence to establish the necessary elements of a product liability claim.   Third, it is undisputed that Terminix properly applied the product at the plaintiff's home in accordance with the EPA-approved label and plaintiff has produced no expert testimony or other evidence showing negligence on the part of Terminix.  Fourth, the plaintiff's claims are preempted under FIFRA.

## II.   ARGUMENT

### A.   Plaintiff Has No Competent Evidence To Establish Causation

"A necessary element of a negligence cause of action is causation."  *Housley v. Orteck Int'l., Inc.*, 488 F.Supp.2d 819, 830 (S.D. Iowa 2007).  Likewise, causation is required in a strict liability action.  *Id.* at 830-31.  Plaintiff has produced no competent evidence establishing that T.J.'s injuries are causally related to exposure to the Dursban pesticide.

Plaintiff disclosed two experts to testify regarding causation of the injuries, Dr. Mohammed Abou-Donia and Dr. Cynthia Bearer.  As set forth more fully in Terminix's Motion to Strike Plaintiff's Experts, the opinions of Dr. Abou-Donia and Dr. Bearer lack the scientific reliability required under Rule 702 and *Daubert v. Merrill Dow Pharmaceuticals*, 509 U.S. 579 (1993) and should be stricken.  When the unscientific and unreliable opinions of Drs. Abou-

---

[1]      The Second Amended Complaint also named Terminix employee Jim Breneman, but all claims against Mr. Breneman were dismissed on October 3, 2006.  (*See* Court Order filed 11-3-06, Doc. No. 65).  Also, in the same order, the Court dismissed Counts II, III, IV and V of the Second Amended Complaint as to Terminix.  (*Id.*).  Accordingly, the only remaining claims against Terminix are in Count VII, which pleads negligence and strict products liability.

6317612v1 849358

Donia and Bearer are disregarded, plaintiff has no evidence whatsoever establishing causation, thereby entitling Terminix to summary judgment as to all claims.

**B.      Plaintiff Cannot Establish A Strict Products Liability Claim Against Terminix**

Strict product liability extends to the seller of a product. *Wright v. Brooke Gp., Ltd.*, 652 N.W.2d 159, 164 (Iowa 2002); *see also Kleve v. General Motors Corp.*, 210 N.W.2d 568, 570 (1973)(stating that one of the essential elements of a product liability action is the "sale of a product by the defendant").

It is undisputed that the Dursban L.O. product was manufactured by Dow. (*See* plaintiff's Second Amended Complaint, App. 37, ¶45; Dow's Answer to Second Amended Complaint, App. 51, ¶45). It is also undisputed that Terminix never sold any products to the Junks. Mr. and Mrs. Junk testified that between the time the Junks first received service from Terminix in March 1992 and the time the service was cancelled in November 1994, Terminix never sold any products to them. (Rene Junk Dep., Vol. II, App. 8; Dean Junk Dep., App. 17). Instead, all Terminix did was perform pest control services. (Rene Junk Dep., Vol. II, App. 8; Dean Junk Dep., App. 17). Accordingly, Terminix cannot be liable under a theory of strict products liability.

Moreover, plaintiff has not offered expert testimony, or any evidence whatsoever, to establish the necessary elements of a strict products liability claim.

**C.      There Is No Evidence of Negligence On The Part Of Terminix**

Jim Breneman and Harold Obrecht, the two Terminix technicians involved in treating the home, testified that they would have applied the products in accordance with the product labeling. (Breneman Dep., App. 20, 24, 26; Obrecht Dep., App. 32). Mr. Breneman and Mr. Obrecht described the manner in which the Dursban pesticide was applied and their applications complied in all respects with the product labeling and are consistent with the recollection of Mrs.

3

6317612v1 849358

and Mrs. Junk regarding the manner in which the product was applied.  (Breneman Dep., App. 20, 24, 26; Dean Junk Dep., App. 11-12; Rene Junk Dep., Vol. II, App. 3, 5-7).

Neither Mr. nor Mrs. Junk had any criticisms of the application procedures used by Terminix, and neither had any information that the procedures utilized by Terminix were improper or not in compliance with the product labeling.  (Rene Junk Dep., Vol. II, App. 8; Dean Junk Dep., App. 16).  None of the experts disclosed by the plaintiff have any criticisms of the application procedures used by Terminix at the Junk home.  (Abou-Donia Dep., App. 66; Bearer Dep., App. 69).[2]

At her deposition, Mrs. Junk was critical of the fact that the Terminix technicians allowed her to follow them around the home while the applications were being performed and did not instruct her to ventilate the home following the applications.  (Rene Junk Dep., Vol. II, App. 9).  Plaintiff has not offered expert testimony, or any evidence whatsoever, to establish that reasonable care required Terminix to instruct the homeowner to vacate the area during applications or to ventilate the home following applications.  In fact, it is undisputed that the product labeling did not prohibit persons from being present in the home during the applications nor require that the home be ventilated following the applications.  (Rotramel Declaration, App. 74-75; Rene Junk Dep., Vol. II, App. 9).

Plaintiff's final theory of negligence against Terminix is based on the claims of Mr. and Mrs. Junk that they were told by the Terminix technicians that the products were safe.  (Rene Junk Dep., Vol. II, App. 8; Dean Junk Dep., App. 11).  It should be noted that neither Terminix technician recalls making such a statement.  Moreover, a claim that a product is "safe" is so

---

[2]    Further, plaintiff's rebuttal expert, Dr. Richard Fenske, cannot be used to defeat summary judgment.  His opinions should be stricken because they do not satisfy Rule 702 and *Daubert* and do not qualify as rebuttal.  Further, rebuttal evidence cannot be used to establish a case-in-chief.  *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748 (8th Cir. 2006).

6317612v1 849358

vague as to be meaningless and cannot give rise to liability.  Most  importantly, plaintiff has

presented no evidence whatsoever from which a jury could conclude that it would have been

negligent for the technicians to describe the product as safe when being applied in the precise

manner prescribed by the label (which is indisputably what occurred at the Junk home).

**D.      Plaintiff's Claims Are Preempted Under FIFRA**

It is undisputed that the Terminix technicians applied the product in accordance with the

product labeling.   (Breneman Dep., App. 20, 24, 26; Obrecht Dep., App. 32).   It is also

undisputed that the Dursban pesticide manufactured by Dow (Complaint, App. 37, ¶45; Dow's

Answer to Second Amended Complaint, App. 51, ¶45) was registered by the EPA and approved

for the usages set forth on the product label.   (Dow's Answers to Plaintiff's First Set of

Interrogatories, App. 88).

When applying for registration, manufacturers must submit draft label language

addressing a number of topics including ingredients, directions for use, and any information of

which they "are aware regarding unreasonable adverse effects of the pesticide on man or the

environment."  40 C.F.R. § 152.50(f)(3); *Netland v. Hess & Clark, Inc.*, 284 F.3d 895, 898 (8th

Cir. 2002).  Where, as here, a pesticide has been registered with the EPA, the Federal Insecticide,

Fungicide and Rodenticide Act (FIFRA), 7 U.S.C. §136, *et seq.* preempts claims which would

have the practical effect of imposing additional labeling requirements beyond the label approved

by the EPA.  *Hardin v. BASF Corp.*, 397 F.3d 1082, 1085 (8th Cir. 2005).

Despite the fact that Terminix complied with the product label, Mrs. Junk was critical of

the Terminix technicians for allowing her to follow them around the home while the applications

were being performed and for not instructing her to ventilate the home following the

applications. (Rene Junk Dep., Vol. II, App. 8-9).  Mr. and Mrs. Junk also claim the Terminix

technicians told them that the products were safe. (Rene Junk Dep., Vol. II, App. 8-9; Dean Junk

6317612v1 849358

Dep., App. 11).  The Dursban label approved by the EPA contained no requirement that the areas of treatment be vacated, no requirement that the home be ventilated after treatments and no indication that precautions not contained on the label were required.  Claims that Terminix should have provided such information have the practical effect of imposing new or additional labeling requirements and are therefore preempted under FIFRA. *See Riegel v. Medtronic, Inc.*, 128 S.Ct. 999, 1008 (2008)(noting that "state requirement" for preemption purposes includes common law tort duties and where imposition of a tort duty disrupts the federal scheme, claim is preempted).

### III.    CONCLUSION

WHEREFORE, the defendant, THE TERMINIX INTERNATIONAL COMPANY, LP, requests that this Court enter a final and appealable order of summary judgment in favor of Terminix and against the plaintiff, pursuant to Rule 56 of the Federal Rules of Civil Procedure, and for all other just and appropriate relief.

6317612v1 849358

Respectfully submitted,

**GAUDINEER, COMITO & GEORGE, L.L.P.**

/s/ Frank A. Comito
Frank A. Comito  PK 0004004

/s/ Kent A. Gummert
Kent A. Gummert  PK 0013884
3737 Westown Parkway, Ste. 2D
West Des Moines, IA 50266
Telephone:  515/327-1750
Facsimile:  515/327-1250

and

**HINSHAW & CULBERTSON LLP**

/s/ David R. Creagh
David R. Creagh (Admitted *Pro Hac Vice*)
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
Telephone:  312/704-3000
Facsimile:  312-704-3001

ATTORNEYS FOR DEFENDANT
THE TERMINIX INTERNATIONAL COMPANY, L.P.

6317612v1 849358

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May __, 2008, Defendant's Memorandum of Law in Support of its Motion for Summary Judgment was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system upon the following:

/s/ Kent A. Gummert

C.M. Bye
Bye, Goff & Rohde, Ltd.
258 Riverside Drive
River Falls, WI 54022
ATTORNEYS FOR PLAINTIFF

Donald G. Beattie
Ryan T. Beattie
4300 Grand Avenue
Des Moines, IA 50312
ATTORNEYS FOR PLAINTIFF

Ross W. Johnson
Jacob Bylund
Faegre & Benson LLP
801 Grand Ave., Suite 3100
Des Moines, IA 50309-8002
ATTORNEYS FOR THE DOW CHEMICAL COMPANY
AND DOW AGROSCIENCES LLC

Joseph G. Eaton
Dean Barnhard
Barnes & Thornburg LLP
11 South Meridian Street
Indianapolis, IN 46204-3535
ATTORNEYS FOR THE DOW CHEMICAL COMPANY
AND DOW AGROSCIENCES LLC

6317612v1 849358