UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| RENE JUNK, as Parent and Next Best Friend of T.J., a Minor,<br><br>                Plaintiff,<br><br>vs.<br><br>TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, THE DOW CHEMICAL COMPANY, DOW AGROSCIENCES LLC, HAROLD OBRECHT, an individual, JIM BRENEMAN, an individual, and SURECO, Inc.,<br><br>                Defendants. | Case No. 4:05-cv-00608 |

**DEFENDANTS THE DOW CHEMICAL COMPANY'S AND
DOW AGROSCIENCES LLC'S MOTION TO EXCLUDE EXPERT CAUSATION
TESTIMONY OF CYNTHIA BEARER, M.D. AND MOHAMED ABOU-DONIA, PH.D
AND FOR SUMMARY JUDGMENT**

Pursuant to Local Rule 7(h), Defendants The Dow Chemical Company and Dow AgroSciences LLC (collectively, "DAS") respectfully request that the Court grant their motion to exclude the expert causation testimony of Cynthia Bearer, M.D. and Mohamed Abou-Donia, Ph.D. DAS further requests that the Court grant summary judgment in their favor because Plaintiff's experts' methodologies and testimony are unreliable and inadmissible under Fed. R. Evid. 702 and Plaintiff therefore lacks any admissible testimony on the essential element of causation. In support of this motion, DAS states as follows:

   1. Plaintiff contends that T.J.'s cerebral palsy and resulting neurodevelopmental delay was caused by Rene Junk's and T.J.'s alleged *in utero* and post natal exposure to chlorpyrifos, the

1

active ingredient in a Dursban[1] L.O., a pesticide manufactured and formulated by DAS and applied by Terminix in the Junk's home in March 1992 through the fall of 1994.  T.J. was born in August 1992 two months premature.  Rene Junk's pregnancy was marked by the discovery of a large umbilical cord tumor (chorioangioma) in the sixth month of her pregnancy.

    2.  Plaintiff's medical causation experts, Cynthia Bearer, M.D., a medical doctor, and Mohamed Abou-Donia, Ph.D., an agricultural chemist and toxicologist, have proffered the opinions that exposure to chlorpyrifos after a residential crack and crevice application is *capable* of causing cerebral palsy and resulting neurodevelopmental delay ("general causation"), and that T.J.'s alleged exposure to chlorpyrifos did *in fact* cause his cerebral palsy and resulting neurodevelopmental delay ("specific causation").

    3.  The methodologies used by Drs. Bearer and Abou-Donia, and the general causation opinions that they derive from those methodologies, are speculative and unreliable.  The methodologies used by both Drs. Bearer and Abou-Donia ignore the great weight of evidence establishing that chlorpyrifos exposure is *not* associated with either prematurity, chorioangioma, cerebral palsy or neurodevelopmental delay.  Plaintiff's experts' methods fail to satisfy Rule 702 or any of the factors articulated in *Daubert v. Merrill Dow Pharm.*, 509 U.S. 579 (1993) and its progeny.

    4.  In addition, Drs. Bearer and Abou-Donia failed to utilize the generally accepted methodology for determining specific causation by failing to rule out other identified causes of T.J.'s cerebral palsy, including prematurity and the presence of a large chorioangioma, and by ignoring exposure, dose and the dose-response relationship.

---

[1] Trademark of Dow AgroSciences LLC.

5. Plaintiff has failed to satisfy her burden of proving the admissibility of her experts' methods by a preponderance of the evidence.

6. Because Plaintiff has no admissible expert causation testimony, and because such evidence is an essential element of Plaintiff's claims against DAS, Plaintiff's claims fail and DAS is entitled to summary judgment.

7. In further support, DAS files contemporaneously herewith its unopposed motion pursuant to LR 7h for leave to file a supporting brief consisting of 65 pages of text, and attached thereto DAS' supporting memorandum in support of this motion.

8. DAS also files contemporaneously herewith its Evidentiary Appendix in support of this motion.

WHEREFORE, DAS, for the reasons stated above as well as those set forth in DAS' supporting memorandum and evidentiary appendix, respectfully request that the Court exclude the expert causation testimony of Cynthia Bearer, M.D. and Mohamed Abou-Donia, Ph.D. and grant summary judgment in the favor of DAS and award DAS all other just and proper relief.

Respectfully submitted,

By: /s/ Joseph G. Eaton
Joseph G. Eaton
Dean T. Barnhard
BARNES & THORNBURG LLP
11 South Meridian Street
Indianapolis, Indiana 46204
Telephone: (317) 236-1313
Facsimile: (317) 231-7323
Email: joe.eaton@btlaw.com
Email: dean.barnhard@btlaw.com

>Ross W. Johnson
>Jacob D. Bylund
>FAEGRE & BENSON LLP
>801 Grand Ave, Suite 3100
>Des Moines, IA 50309-8002
>Telephone: (515) 248-9000
>Facsimile: (515) 248-9010
>E-mail:  RWJohnson@faegre.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing document has been served this 12th day of May, 2008, was filed electronically with the Clerk of Court to be served by operation of the Court's electronic filing system to the following counsel of record:

>C. M. Bye, Esquire
>Bye, Goff & Rohde, Ltd.
>258 Riverside Drive
>River Falls, Wisconsin  54022
>
>Donald G. Beattie, Esquire
>Beattie Law Firm, P.C.
>4300 Grand Avenue
>Des Moines Iowa  50312
>
>David R. Creagh, Esquire
>Hinshaw & Culbertson LLP
>222 North LaSalle Street, Suite 300
>Chicago, Illinois  60601-1081
>
>Kent A. Gummert, Esquire
>Frank A. Comito, Esquire
>Gaudineer, Comito & George, L.L.P.
>3737 Westown Parkway, Suite 2D
>West Des Moines, Iowa  50266

>/s/  Joseph G. Eaton

INDS02 974580v1